1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00018-LRH-WGC-4 |
| Respondent/Plaintiff, | ORDER |
| v. | |
| AUGUSTINE CHAPOOSE, | |
| Petitioner/Defendant. | |

Defendant Augustine Chapoose moves for a compassionate release (ECF No. 133; Supplement, ECF No. 138), under 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed an opposition (ECF No. 142), and the Defendant replied (ECF No. 143). For the reasons contained within this Order, the Court denies Chapoose's motion.

I.     BACKGROUND

In October 2016, Defendant met an undercover DEA agent at the Diamond's Casino in Reno, Nevada, and obtained a quarter pound of methamphetamine for the undercover agent. Defendant later obtained another quarter pound of methamphetamine that was ultimately sold to the undercover agent through Chapoose's co-defendants. Defendant was charged on October 11, 2017, in a six-count indictment alongside three codefendants. On September 24, 2018, Chapoose pled guilty to conspiracy to distribute and possess with the intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), pursuant to a written plea agreement. Because this conviction carries a mandatory minimum sentence of 10 years, the Court sentenced Defendant to 120 months imprisonment, to be followed

1

by 5-years supervised release, on December 17, 2018. After serving approximately two-and-half years of his ten-year sentence, Defendant moves this Court for compassionate release given his health and the global COVID-19 pandemic.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. Defendant provides that he submitted his compassionate release petition to the Warden of Lompoc on April 20, 2020, and the Warden has failed to respond. The Government provides nothing to contradict this record. Therefore, the Court finds that Chapoose has exhausted his administrative remedies, and the Court will therefore decide his motion on the merits.

18 U.S.C. § 3582(c)(1)(A) provides:

[T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

(1)      (A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

## III.   DISCUSSION

First, the Court finds that extraordinary and compelling reasons do not exist in this case, under any of the four provisions. Chapoose does not qualify under the age requirement: he is neither 65 years old, nor has he served either 10 years or 75 percent of his term of imprisonment. Chapoose also does not qualify under the family circumstances provision: there is no indication that he needs to be released from prison to either care for an ailing spouse or minor children.

Chapoose argues that extraordinary and compelling reasons exist because he suffers from Type-2 Diabetes, obesity, has a history of hypertension, hyperlipidemia, and a fatty liver that functions abnormally, all making him particularly vulnerable to COVID-19 complications. After reviewing his medical condition, while it is clear that Chapoose suffers from significant health concerns, all appear to be under control. And the Court notes that even given these health concerns, Chapoose tested positive for the virus and has not suffered any severe health complications as a result of this diagnosis.

Chapoose further argues that the grave prison conditions at Lompoc FCI support his release. Currently, the BOP is reporting that no inmates or staff are positive for the virus at either Lompoc FCI or USP.[1] 714 inmates and 19 staff have recovered from the virus at Lompoc FCI and 147 inmates and 28 staff have recovered at Lompoc USP. The Court recognizes that 4 inmates have died of the virus between the two facilities and that an inmates' incarceration should not be a death sentence. However, given these numbers at Lompoc, the Court finds that extraordinary and compelling reasons do not exist in this case.

Moreover, the section 3553(a) factors do not warrant early release. Chapoose's crimes were serious and involved possession and the intent to distribute a significant quantity of

---

[1] https://www.bop.gov/coronavirus/ (last visited November 6, 2020).

methamphetamine: he pled guilty to conspiracy to distribute at least 50 grams of actual methamphetamine, which pursuant to the United States Sentencing Guidelines § 2D1.1(c)(4), is between 150 to 500 grams of actual methamphetamine. Congress has seen fit to impose a mandatory minimum of ten years for crimes of this nature. The Court finds that Chapoose should serve the full sentence that it imposed to reflect the seriousness of his crimes, promote respect for the law, and provide adequate punishment for his crimes. The Court further finds that this sentence is appropriate to adequately deter this conduct and protect the public.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion for compassionate release (ECF No. 133) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's motion to file Exhibit A under seal (ECF No. 139) is **GRANTED** *nunc pro tunc* because it contains confidential information protected by HIPAA.

IT IS FURTHER ORDERED that Defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* FED. R. CRIM. P. 43(b)(4).


IT IS SO ORDERED.

DATED this 6th day of November, 2020.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE